UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

CLIFFORD JACKSON,

    Plaintiff,

v.

J.W. CHEATHAM LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CLIFFORD JACKSON ("Mr. Jackson" or "Plaintiff") files this Complaint against Defendant, J.W. CHEATHAM LLC ("JWC" or "Defendant"), and states as follows:

### INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION, VENUE AND FMLA COVERAGE

2.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28

U.S.C. § 2201, *et seq.*; this Court has jurisdiction over Plaintiff's ADA claims under 28 U.S.C. § 1331, *et seq.*, as they arise under 42 U.S.C. § 12101, *et seq.*

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA and ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Palm Beach County, Florida, and this venue is therefore proper.

6. Defendant is a Florida limited liability company that is located and does business in Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the ADA and the FCRA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

11. On or around March 20, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination; also, on November 2, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of the Notice.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Mr. Jackson worked for JWC as an Asphalt Laborer and Equipment Driver from August of 2017 until his termination on May 17, 2019.

16. On March 8, 2019, Mr. Jackson suffered injuries in a motor vehicle accident.

17. As a result of the accident, Mr. Jackson began experiencing symptoms of a disability and chronic serious health condition, namely intermittent pain and stiffness in his back/spine.

18. Mr. Jackson wisely sought and received chiropractic treatment for his disability and chronic serious health condition over the following weeks.

19. On or shortly after March 18, 2019, Mr. Jackson advised JWC of his disability and chronic serious health condition and of his need for minimal reasonable accommodation for his disability via occasional medical appointments during working hours, or a brief period of unpaid leave to address flareups of his condition.

20. In response to Mr. Jackson's disclosure of his chronic serious health condition, JWC failed to provide Mr. Jackson FMLA paperwork, or to advise him of his rights and obligations under the FMLA.

21. On May 8, 2019, Mr. Jackson experienced a flareup of his disability and chronic serious health condition.

22. Mr. Jackson visited his treating medical practitioner and received treatment for same.

23. Mr. Jackson then promptly provided JWC a note from his treating medical practitioner explaining that he had suffered a flareup of his disability and chronic serious health condition and explaining that he would be able to return to work on May 10, 2019, which he did.

24. A week later, on May 17, 2019, JWC terminated Mr. Jackson's employment.

25. JWC attempted to justify this extreme adverse employment action against Mr. Jackson by vague reference to "attendance," but offered no specifics.

26. The timing of events alone establishes that JWC's "attendance" narrative is pure pretext.

27. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

28. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

29. Mr. Jackson is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as an Asphalt Laborer and Equipment Driver.

30. Allowing Mr. Jackson to utilize a brief period of unpaid leave to address flare-ups of his disability, or to occasionally attend medical appointments during working hours without penalty or negative repercussions, such as termination, would have been reasonable accommodation.

31. Such accommodation would have imposed no undue hardship on Defendant.

32. In reality, Defendant's termination of Mr. Jackson stemmed from its discriminatory and retaliatory animus toward his very recent accident and handful of absences, which should have been protected FMLA leave, and his need for accommodation under the ADA and the FCRA.

33. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

34. The timing of Plaintiff's termination makes the causal connection between his disclosure of his need for FMLA leave, his request for reasonable accommodation under the ADA and the FCRA, and his termination sufficiently clear.

35. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

36. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

37. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

38. Defendant did not have a good faith basis for its actions.

39. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

40. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Jackson notifying JWC of his chronic serious health condition, and in retaliation for Mr. Jackson attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

41. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, the FCRA, and the FMLA were intended to prevent.

42. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

43. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

44. The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

45. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his attempted utilization of what should have been protected FMLA leave.

46. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA and the FCRA.

47. Defendant was aware of Plaintiff's ADA- and FCRA-protected disability and need for accommodation.

48. "Reasonable accommodation" under the ADA and the FCRA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." *See* 42 U.S.C. § 12111(9)(B).

49. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking a modest amount of time off work to seek treatment, and for requesting reasonable accommodation.

50. In short, despite the availability of reasonable accommodation under the ADA and the FCRA, Defendant discriminated against Mr. Jackson based solely upon his disability.

51. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

52. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

53. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

54. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

55. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA and the FCRA.

56. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

57. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

58. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

59. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

60. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 13 through 27, 30, 32, 34 through 45, and 58 through 60, above.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Defendant interfered with Plaintiff by harassing and targeting him after he disclosed his serious health condition, and by failing to provide him FMLA paperwork or advise him of his rights and obligations under the FMLA in response to his disclosure of his serious health condition.

64. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

65. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

66. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 13 through 27, 30, 32, 34 through 45, and 58 through 60, above.

68. At all times relevant hereto, Plaintiff was protected by the FMLA.

69. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

70. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

71. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

72. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

74. Plaintiff reincorporates and readopts the allegations contained within paragraphs 1 through 6, 9 through 19, 21 through 34, 38 through 39, 41, and 46 through 60, above.

75. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

76. The discrimination to which Plaintiff was subjected was based on his disabilities/handicaps, or "perceived disabilities."

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

80. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

81. Plaintiff reincorporates and readopts the allegations contained within paragraphs 1 through 6, 9 through 19, 21 through 34, 38 through 39, 41, and 46 through 60, above.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

83. The discrimination to which Plaintiff was subjected was based on his disabilities/handicaps, or "perceived disabilities."

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

86. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT V**
**RETALIATION UNDER THE ADA BASED ON DISABILITY**

88. Plaintiff reincorporates and readopts the allegations contained within paragraphs 1 through 6, 9 through 19, 21 through 34, 38 through 39, 41, and 46 through 60, above.

89. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodation for his disability.

90. Plaintiff's request for accommodation constituted protected activity under the ADA.

91. Plaintiff was terminated as a direct result of his request for accommodation.

92. Plaintiff's request for accommodation, and his termination, are causally related.

93. Defendant's stated reasons for Plaintiff's termination are a pretext.

94.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

96.     Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

97.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT VI
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

98.     Plaintiff reincorporates and readopts the allegations contained within paragraphs 1 through 6, 9 through 19, 21 through 34, 38 through 39, 41, and 46 through 60, above.

99.     Plaintiff was terminated within close temporal proximity of his request for reasonable accommodation for his disability.

100.    Plaintiff's request for accommodation constituted protected activity under the FCRA.

101. Plaintiff was terminated as a direct result of his request for accommodation.

102. Plaintiff's request for accommodation, and his termination, are causally related.

103. Defendant's stated reasons for Plaintiff's termination are a pretext.

104. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

106. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

107. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 2nd day of December, 2020.

>Respectfully Submitted,
>
>By: */s/ Noah Storch*
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>10368 W. SR 84, Suite 103
>Davie, Florida 33324
>Telephone: (866) 344-9243
>Facsimile: (954) 337-2771
>E-mail: noah@floridaovertimelawyer.com